John Levene v. Commissioner.
Levene v. Commissioner
Docket No. 2685.
United States Tax Court
1944 Tax Ct. Memo LEXIS 148; 3 T.C.M. (CCH) 800; T.C.M. (RIA) 44262; August 5, 1944
*148 Benjamin Mahler, Esq., 39 Broadway, New York 6, N. Y., for the petitioner. T. R. Charshee, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: The petitioner seeks a redetermination of deficiency in income tax for the calendar year 1940 in the amount of $5,137.40. He alleges that the respondent erred in his determination of a deficiency in holding that he made a gain of $353.17 on the sale of Atlas Corporation stock in 1940 and in not holding that he sustained a loss of $32,198.20 on said stock which is deductible to the extent of 50 percent thereof from his 1940 income. The material facts have been stipulated to be substantially as follows: [The Facts] The petitioner is a resident of Binghampton, New York. He filed his income tax return for the calendar year 1940 with the collector of internal revenue for the twenty-first district of New York. Prior to 1932 the petitioner purchased 612 shares of Goldman Sachs Trading Corporation stock (name later changed to Pacific Eastern Corporation and hereinafter sometimes referred to as Pacific), at a cost of $33,443.50. Pacific was an investment corporation. The Atlas Utilities Corporation (name subsequently changed *149 to Atlas Corporation and hereinafter sometimes referred to as Atlas), was also an investment corporation. On June 14, 1932, in accordance with a resolution of its board of directors dated June 6, 1932, Atlas addressed a written offer to the stockholders of Pacific offering to exchange 3/10ths of a share of common stock of Atlas for each share of stock of Pacific, which offer was to expire July 22, 1932. The notice and offer were made directly to the stockholders of Pacific and not to Pacific Corporation. On April 10, 1933, a similar offer was made by Atlas to the stockholders of Pacific and on July 12, 1933, a further offer was made by Atlas to the stockholders of Pacific wherein the exchange would be 1/4th of a share of common stock of Atlas for each share of common stock of Pacific. Pursuant to the offer dated June 14, 1942, petitioner deposited all of his certificates of stock in Pacific with a depositary, the Commercial Trust Co. of N.J., and received a certificate of deposit. On April 18, 1933, there were issued to petitioner 183 shares of Atlas stock in exchange for Pacific stock. Pursuant to the aforementioned offers Atlas acquired in 1933 through exchange 1,621,292 shares *150 of Pacific stock and through purchases in 1932 and 1933 it acquired 540,156 shares of Pacific stock so that by October 31, 1933, it had acquired 37.94 percent of Pacific's outstanding stock. Furthermore, by October 31, 1933, certain subsidiary and affiliated corporations of Atlas had acquired 24.69 percent of the Pacific stock. Subsequent to October 31, 1933, Atlas continued to acquired by purchase, exchange and liquidation or merger of its subsidiary corporations, additional shares of Pacific stock, as follows: (a) Completion of exchange offers
462
(b) Liquidation of subsidiaries: 1933
Nov. 4 Financial Corporation
71,812
Dec. 26 Financial Corporation
207
Nov. 4 Aviation Corporation
8,511
Dec. 9 Chain Store Stocks
20,226
Dec. 9 Securities Allied Corp.
450,490
Dec. 20 Securities Allied Corp.
98,087
Dec. 20 All America General
25,061
Dec. 30 Atlantic Securities
324,358
1935
Aug. 9 National Securities Investment Co.
10,791
Aug. 9 Federated Capital Corp.
8,600
1,018.143
(c) Purchases from subsidiary companies: Dec. 27, 1933 - National Securities Investment Co.
349,400
(d) Sundry cash purchases (net)
480.612
Total
1,848,617
By September 28, *151 1936, Atlas owned approximately 73.79 percent of the outstanding stock of Pacific. On September 28, 1936, Atlas entered into an agreement of consolidation with Pacific, Shenandoah Corporation and Sterling Securities Corporation to form a corporation known as Atlas Corporation and as a result of this agreement of consolidation Pacific became consolidated with Atlas. All Pacific stockholders who had not prior thereto exchanged their stock for Atlas stock, received in exchange as a result of the consolidation, for each share of Pacific, 1/20th of a share of 6 percent preferred stock and 1/4 share common stock of the new Atlas Corporation. Upon completion of the aforementioned consolidation Pacific ceased to exist. In 1936, upon the consolidation of Pacific with Atlas, petitioner surrendered his 183 shares of old Atlas stock acquired on April 18, 1933, and received therefor 183 shares of new Atlas stock, upon which exchange no loss or gain was recognized. The time within which to make the exchanges of Atlas stock for Pacific stock pursuant to the offer of Atlas dated June 14, 1932, was extended to July 15, 1932, and on July 16, 1932, the Atlas stock had a value of $4,875 per share. *152 In his income tax returns for 1932 and 1933 petitioner claimed no loss with respect to the aforementioned exchange and if such loss had been claimed, no tax benefit would have resulted. In 1940, petitioner sold the 183 shares of Atlas stock for $1,245.30 and in his income tax return for that year claimed a long-term capital loss of $16,099.10 on account thereof. The sole question presented by this proceeding is the basis to be used by the petitioner in computing his gain or loss upon the sale of 183 shares of Atlas stock during the calendar year 1940. He claims that the basis is the cost to him of 612 shares of Pacific which were purchased by him in 1932 at a price of $33,443.50. He claims that he received his 183 shares of Atlas stock in 1933 pursuant to a plan for the reorganization of Pacific Corporation; that therefore he is entitled to use as the cost of his 183 shares of Atlas stock the amount which he paid for 612 shares of Goldman Sachs Trading Corporation. The respondent, on the other hand, contends that in 1932 or 1933 the petitioner exchanged his shares of stock in Pacific for shares of stock in Atlas; that this exchange was not pursuant to a plan of reorganization; and *153 that, therefore, the exchange resulted in a loss recognizable to the petitioner in the year 1933. He contends that the cost to the petitioner of his Atlas stock was $4.875 per share, the value at the date of exchange. The petitioner submits that from the date of the resolution of the board of directors of Atlas dated June 6, 1932: * * * Atlas had what might be termed two plans of reorganization. The first plan was to acquire a majority of the stock of Pacific and it was consummated upon the liquidation of the Atlas subsidiaries in November and December 1933, such liquidation constituting the final steps under this plan. The second plan was to acquire the underlying assets and all the properties of Pacific. It was consummated by the absorption of Pacific in September 1936. The exchange offer of June 10, 1932 was the first step in each of these plans. The 1933 liquidation of the Atlas subsidiaries constituted the final step under the first plan, and the consolidation plan of September 1936 constituted the final step under the second plan. It is the further position of petitioner that having surrendered the Pacific stock and received Atlas stock in exchange therefor, he thus effected *154 a non-taxable exchange in pursuance of both the first and second reorganization plan within the purview of Sections 112 (b) (3) and Section 112 (i) (1) of the Revenue Act of 1928. Petitioner finally contends that he is therefore entitled to take the cost of the original Pacific stock as the cost basis of the Atlas stock sold in 1940 and is to be allowed as a deduction the capital loss sustained on the sale of such Atlas stock. The Revenue Act of 1932, so far as material, provides as follows: SEC. 112. RECOGNITION OF GAIN OR LOSS. (a) General Rule. - Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section. (b) Exchanges Solely in Kind. - * * * * *
(3) Stock for Stock on Reorganization. - No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization. * * * * *
(i) Definition of Reorganization. - As used in this section and sections 113 and 115 - (1) *155 The term "reorganization" means (A) a a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of other stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected. (2) The term "party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation. The Commissioner has prescribed in Regulations 77, promulgated under the Revenue Act of 1932, the following: ART. 574. Exchanges in connection with corporate reorganizations. - The Act provides *156 that no gain or loss shall be recognized if, in pursuance of a plan of reorganization, stock or securities in a corporation a party to a reorganization are exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization, or if, in pursuance of a reorganization plan, a corporation a party to a reorganization exchanges property solely for stock or securities in another corporation a party to the reorganization. If two or more corporations reorganize, for example, by - (1) The merger of the X Corporation into the Y Corporation, (2) The consolidation of the X Corporation and the Z Corporation into the Y Corporation, a new corporation, (3) The acquisition by the Y Corporation of a majority of the voting stock and a majority of the total number of shares of all other classes of stock of the X Corporation or of substantially all of the properties of the X Corporation, * * * We think it plain from the stipulated facts in the instant proceeding that the petitioner sustained in 1933 a deductible loss upon the exchange of his shares of stock in Pacific for shares of stock in Atlas. The amount of the loss was the difference between the *157 cost of his Pacific stock and the value of the shares of Atlas stock received in exchange. At the time he made the exchange there was no representation to him by Atlas that that corporation was going to attempt to acquire a majority of the shares of stock of Pacific. Indeed, it might be that Atlas would acquire only a small number of shares of Pacific from such exchange. There clearly was no plan of reorganization which had been formulated by Atlas and communicated to anyone prior to 1936. There was a plan for the consolidation of Atlas and a number of other corporations which was formulated September 28, 1936. It was pursuant to this plan of reorganization that the petitioner surrendered his 183 shares of old Atlas stock and received 183 shares of new Atlas stock. No loss or gain was recognized upon this transaction. Therefore, the cost basis to the petitioner of his 183 shares of Atlas stock was not affected by the exchange made in 1936. The petitioner cites numerous cases showing the effect which this and other courts have given to the term "plan of reorganization" within the meaning of the Internal Revenue Acts. We think that it would be unprofitable to analyze them in this proceeding; *158 for in our opinion the facts in this case show that the petitioner in 1933 exchanged his shares of stock in Pacific for shares of Atlas stock from which exchange he sustained a large deductible loss. That transaction gave the petitioner a new base for the computation of gain or loss upon the ultimate disposition of his Atlas stock. The cost to the petitioner of an investment in 612 shares of Pacific stock has no bearing upon the determination of the gain or loss to the petitioner upon the sale of his 183 shares of Atlas Corporation stock in 1940. His basis for the determination upon such sale is the value of the shares at the time of the exchange in 1933. Decision will be entered for the respondent.